UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SAYLOR,

    Plaintiff,                    Hon. Richard Alan Enslen

v.                                                Case No. 1:04 CV 498

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendants William A. Warren, M.D. and Paula Meyer, N.P.'s Motion to Dismiss Under 42 U.S.C. § 1997e</u>. (Dkt. #19). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for dismissal or summary judgment, the undersigned recommends that Defendants' motion be **denied**.

**I.    BACKGROUND**

The following allegations are contained in Plaintiff's pro se complaint. On December 3, 2003, Plaintiff participated in an MRI examination of his lumbar spine, the results of which revealed the presence of various spinal deformities. (Dkt. #1). On February 20, 2004, Plaintiff was informed by Dr. Davis that his back condition required surgical intervention. On or about March 10, 2004, Plaintiff was transferred to the Pugsley Correctional Facility so that he could be examined by a local neurosurgeon. However, Defendants Warren and Meyer improperly refused to allow the neurosurgeon

to examine Plaintiff. Plaintiff asserts that Defendants Warren, Meyer, and Caruso violated his Fifth, Eighth, and Fourteenth Amendment constitutional rights. Plaintiff further asserts that Defendants conspired to violate his constitutional rights. Defendants Warren and Meyer have moved to dismiss Plaintiff's complaint on the ground that Plaintiff has failed to exhaust his administrative remedies.

**II.        ANALYSIS**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See also, Booth v. Churner*, 532 U.S. 731, 733-41 (2001). Even if the prisoner is unable to obtain the specific relief he seeks through the applicable administrative process, he must nonetheless exhaust all available administrative remedies. *See Id.* at 741; *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("[w]here the prison has an administrative process that will review the complaint, plaintiff must exhaust even though money damages are not available").

Every prisoner-plaintiff must demonstrate that his claims have been properly exhausted by "attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El*, 215 F.3d at 642. In short, the burden rests with the prisoner to either provide appropriate documentation of his exhaustion efforts, or make sufficiently particularized averments, so that the district court can "determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims." *Id.*

This concern for particularity extends not only to the specific issues to be grieved, but also to the identity of the individuals whose behavior is the subject of the prisoner's grievance. In other

words, to properly exhaust a particular claim against a particular individual, the prisoner must "file a grievance against the person he ultimately seeks to sue." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). This requirement serves to alert prison officials of potential problems, enabling them to address the matter before it reaches federal court. *Id.*

Plaintiff did not attach to his complaint any evidence demonstrating that he exhausted his claims against Defendants Warren and Meyer. He did assert in his complaint, however, that he filed grievances against Defendants Warren and Meyer and that he pursued these grievances through step III of the grievance process. (Dkt. #1). Furthermore, in response to the present motion, Plaintiff has submitted copies of his grievances and the responses thereto. (Dkt. #22, Exhibit A). This evidence establishes that Plaintiff properly exhausted his claims against Defendants Warren and Meyer. Defendants nonetheless assert that Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies. Defendants' arguments are misplaced.

Defendants first assert that "Plaintiff failed to attach any grievance whatsoever to his Complaint, and he failed to provide any particulars of filing the alleged grievances." While Plaintiff's complaint is not a model of clarity or detail, he did include therein sufficiently specific allegations regarding his efforts to exhaust his administrative remedies against Defendants Warren and Meyer. Specifically, Plaintiff asserted in his complaint that "[a]s a result of Defendants WARREN and MEYER's inaction Plaintiff SAYLOR filed an Administrative Grievance Step I, II and III, which were denied." (Dkt. #1 at ¶ 14). This statement satisfies the standard identified above. The paragraphs preceding this statement describe the improper conduct which Defendants Warren and Meyer allegedly engaged. The statement itself specifically identifies Defendants Warren and Meyer and, furthermore, asserts that Plaintiff filed grievances at steps I, II, and III of the grievance process all of which were

denied. While this statement fails to *expressly* state that the grievances in question were filed against Defendants Warren and Meyer, such can reasonably be inferred therefrom.

As noted above, Plaintiff responded to the present motion by submitting copies of the various grievances he filed against Defendants Warren and Meyer. (Dkt. #22, Exhibit A). Defendants assert that Plaintiff's response constitutes an improper amendment of his complaint which cannot serve as the basis to defeat their motion to dismiss. In support of this argument, Defendants rely on *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). This reliance is misplaced.

In *Baxter*, the Sixth Circuit held that if a complaint fails to sufficiently allege or establish exhaustion of administrative remedies, the plaintiff cannot amend his complaint to avoid a *sua sponte* dismissal for failure to exhaust administrative remedies. *Id.* at 489. First, as discussed above, Plaintiff's complaint does sufficiently allege exhaustion of administrative remedies. Second, Plaintiff's complaint is not subject to *sua sponte* dismissal. In fact, after initially screening Plaintiff's complaint the Court concluded that Plaintiff "satisfied the requirements of the Prison Litigation Reform Act concerning exhaustion of administrative remedies." (Dkt. #4). Finally, Plaintiff's response to the present motion does not constitute an *amendment* of his complaint.

In sum, for the reasons articulated herein, the Court concludes that Plaintiff has properly exhausted his claims against Defendants Warren and Meyer.

## CONCLUSION

For the reasons articulated herein, I recommend that Defendants' Motion to Dismiss, (dkt. #19), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date: April 12, 2005                /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge