UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SAYLOR,

                Plaintiff,                                    Hon. Richard Alan Enslen

v.                                                Case No. 1:04 CV 498

PATRICIA CARUSO, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant Caruso's Rule 12(b) Motion for Dismissal. (Dkt. #35). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for dismissal or summary judgment, the undersigned recommends that Defendant's motion be **granted**.

## I.        BACKGROUND

        The following allegations are contained in Plaintiff's pro se complaint. On December 3, 2003, Plaintiff participated in an MRI examination of his lumbar spine, the results of which revealed the presence of various spinal deformities. (Dkt. #1). On February 20, 2004, Plaintiff was informed by Dr. Davis that his back condition required surgical intervention. On or about March 10, 2004, Plaintiff was transferred to the Pugsley Correctional Facility so that he could be examined by a local neurosurgeon. However, Defendants Warren and Meyer improperly refused to allow the neurosurgeon to examine Plaintiff. Plaintiff asserts that Defendants Warren, Meyer, and Caruso violated his Fifth,

Eighth, and Fourteenth Amendment constitutional rights.  Plaintiff further asserts that Defendants conspired to violate his constitutional rights.  Defendant Caruso has moved to dismiss Plaintiff's complaint on the ground that Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted.

## II.        ANALYSIS

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability, as Plaintiff must instead allege personal involvement by a particular defendant.  *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior"); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998); *Street v. Corrections Corp. of America*, 102 F.3d 810, 817-18 (6th Cir. 1996).  Plaintiff's complaint contains no factual allegations against Defendant Caruso.  Instead, Plaintiff's claims against Defendant Caruso appear to be based solely upon her position as Director of the Michigan Department of Corrections.  This is an insufficient basis upon which to base liability.

The Court notes that Plaintiff has moved the Court for leave to amend his complaint, a request which is presently pending before the Court.  (Dkt. #32).  Even if the Court grants Plaintiff's motion to amend, however, the result is the same.  The only factual allegation against Defendant Caruso in Plaintiff's proposed amended complaint is the claim that she improperly denied his grievance.  Liability in a § 1983 action does not attach based upon allegations that a defendant simply denied a prisoner's grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed

simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

## CONCLUSION

For the reasons articulated herein, I recommend that Defendant's Motion to Dismiss, (dkt. #35), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  April 12, 2005

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge