UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW SAYLOR,

      Plaintiff,

Case No. 1:04-CV-498

v.

Hon. Richard Alan Enslen

PATRICIA CARUSO, Director of the
Michigan Department of Corrections,
individually and in her official capacity,
jointly and severally; WILLIAM
A. WARREN, M.D., individually
and in his official capacity, jointly and
severally; and, PAULA MEYER,
R.N., individually and in her official
capacity, jointly and severally,

**ORDER AND PARTIAL JUDGMENT**

      Defendants.

_____/

      This matter is a prisoner lawsuit pursuant to 42 U.S.C. § 1983 alleging denial of Plaintiff Matthew Saylor's constitutional rights under the Eighth Amendment to proper medical care. It is before the Court on the parties' objections to United States Magistrate Judge Ellen S. Carmody's two Reports and Recommendations of April 12, 2005. Defendants William A. Warren and Paula Meyer have objected to the first Report and Recommendation, which recommended the denial of their Motion to Dismiss. Plaintiff Matthew Saylor has objected to the second Report and Recommendation, which recommended the dismissal of Defendant Patricia Caruso. The Court now reviews both objections *de novo* in accordance with 28 U.S.C. § 636.

      Upon such review, the Court determines that the Magistrate Judge properly decided the dismissal motions. With respect to Defendant Patricia Caruso, the basis for dismissal was that

Defendant Caruso was not involved in the day-to-day medical care and treatment of Plaintiff such that a finding of liability under 42 U.S.C. § 1983 would be improper. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-93 (1978). Caruso did receive a grievance concerning the medical care issue and forwarded it to medical staff to respond. These circumstances do not support a permissible inference either that Defendant Caruso caused a denial of medical care or exercised deliberate indifference so as to support liability under the Eighth Amendment and 42 U.S.C. § 1983. As such, Defendant Caruso is entitled to dismissal.

Regarding Defendants Warren and Meyer, the argument relates to the sufficiency of Plaintiff's Complaint. Plaintiff's Complaint at paragraph 14 alleged that he had exhausted administrative remedies as to Warren and Meyer at all three levels of administrative review. Plaintiff did not attach copies of the grievances to his Complaint, but has subsequently disclosed the grievances, which duly support his claim that he exhausted administrative remedies. The resolution of this issue depends on how this Court reads the Complaint and such Sixth Circuit Court of Appeals' cases as *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The case law, particularly *Brown v. Toombs*, demonstrates that attachment of the grievances or specific pleading of exhaustion are alternative requirements; a complaint is sufficient provided one of those two alternative requirements are met. Further, as the Magistrate Judge properly concluded, the allegations of this Complaint are minimally sufficient to meet the *Baxter* Court's specificity requirement. Paragraph 14 of the Complaint sufficiently alleged that Plaintiff had filed step I, II and III grievances as to Defendants Warren and Meyer and the grievances were denied at each step as to those Defendants. This is sufficient under *Baxter* and does

not frustrate the purposes of 42 U.S.C. § 1997e (which requires exhaustion), particularly in light of the Court's abilities to inquire further to ascertain the truth of the allegations.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Matthew Saylor's Objections (Motion for Reconsideration) (Dkt. No. 44) are **DENIED**, the Report and Recommendation (Dkt. No. 42) is **ADOPTED**, Defendant Patricia Caruso's Motion to Dismiss (Dkt. No. 35) is **GRANTED**, and all claims against Defendant Patricia Caruso are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants William A. Warren and Paula Meyer's Objections (Dkt. No. 43) are **DENIED**, the Report and Recommendation (Dkt. No. 41) is **ADOPTED**, and Defendants Warren and Meyer's Motion to Dismiss (Dkt. No. 19) is **DENIED**.

DATED in Kalamazoo, MI:
May 17, 2005

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE