UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW SAYLOR,

             Plaintiff,                                  Hon. Richard Alan Enslen

v.                                            Case No. 1:04 CV 498

PATRICIA CARUSO, et al.,

             Defendants.

_____/


## REPORT AND RECOMMENDATION

      This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint, (dkt. #32), and Defendants Warren and Meyer's Motion for Dismissal, (dkt. #47). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion to amend be **granted** and Defendant's motion for dismissal be **denied**.


## BACKGROUND

      On July 29, 2004, Plaintiff initiated this action against Defendants Caruso, Warren, and Meyer. (Dkt. #1). In his complaint, Plaintiff asserted that Defendants Caruso, Warren and Meyer improperly denied him medical treatment in violation of his Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff also asserted that Defendants conspired to violate his constitutional rights. *Id.*

      On October 8, 2004, Defendants Warren and Meyer moved for the dismissal of Plaintiff's claims on the ground that he failed to exhaust his administrative remedies. (Dkt. #19). On November 24, 2004, Defendant Caruso moved for the dismissal of Plaintiff's claims on the ground that Plaintiff's

complaint failed to state a claim upon which relief may be granted.  (Dkt. #35).  On April 12, 2005, the undersigned recommended that Defendant Caruso's motion be granted and Defendants Warren's and Meyer's motion be denied.  (Dkt. #41-42).  On May 17, 2005, the Honorable Richard Alan Enslen adopted these recommendations.  (Dkt. #46).

On May 23, 2005, Defendants Warren and Meyer again moved for the dismissal of Plaintiff's complaint on the ground that he failed to properly exhaust the claims therein.  (Dkt. #47). Also before the Court is Plaintiff's motion to amend his complaint.  (Dkt. #32).  Because the issues raised by these two motions are intertwined, the Court has addressed both herein.  As discussed below, the Court recommends that Defendants' motion be denied and Plaintiff's motion be granted.

## ANALYSIS

Defendants Warren and Meyer acknowledge that Plaintiff has properly exhausted his administrative remedies as to the claims against them.  Defendants assert, however, that because Plaintiff failed to properly exhaust his claims against Defendant Caruso, this matter must be dismissed pursuant to the total exhaustion rule recently adopted by the Sixth Circuit.

In *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the Sixth Circuit held that the Prison Litigation Reform Act mandates "total exhaustion."  *Id.* at 806.  Accordingly, when a prisoner files a "mixed" complaint, alleging both exhausted and unexhausted claims, the entire action must be dismissed if the prisoner has failed to exhaust all available administrative remedies as to *any* of the claims in the complaint.  *Id.* at 805-09.  Defendants Warren and Meyer assert that because Plaintiff failed to exhaust his claims against Defendant Caruso, Plaintiff's entire action must be dismissed.

In his original complaint, Plaintiff failed to articulate whether his claim against Defendant Caruso had been properly exhausted. However, in connection with his motion to amend his complaint Plaintiff has submitted material establishing that *as of the date he filed his original complaint* in this matter he had, in fact, properly exhausted his administrative remedies as to his claim against Defendant Caruso. (Dkt. #32, Exhibits T-U).

Relying on *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002), Defendants object to the submission and consideration of this material. In *Baxter*, the Sixth Circuit held that if a complaint fails to sufficiently allege or establish exhaustion of administrative remedies, the plaintiff cannot amend his complaint to avoid a *sua sponte* dismissal for failure to exhaust administrative remedies. *Id.* at 489. Defendants' reliance on *Baxter* is misplaced, however, as Plaintiff's complaint is not subject to *sua sponte* dismissal. In fact, after initially screening Plaintiff's complaint the Court concluded that Plaintiff "satisfied the requirements of the Prison Litigation Reform Act concerning exhaustion of administrative remedies." (Dkt. #4).

In sum, the Court concludes that Plaintiff has properly exhausted the claims asserted in his original complaint. Thus, the Court recommends that Defendants' motion to dismiss Plaintiff's action pursuant to the total exhaustion rule be denied.

As for Plaintiff's motion to amend his complaint, the Court recommends that the motion be granted. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be "freely given when justice so requires." The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458

(6th Cir. 2001).  Notice and substantial prejudice to the opposing party are the "critical factors" in determining whether an amendment should be granted.  *Id.* at 458-59.

Plaintiff's proposed amended complaint does not assert additional claims, nor does it identify any new defendants.  To the contrary, Plaintiff's proposed amended complaint is more narrowly focused and more clearly articulates the factual basis for Plaintiff's claims against Defendants Warren and Meyer.  Plaintiff's proposed amended complaint contains no conspiracy allegation and, furthermore, articulates no claim of wrongdoing on the part of Defendant Caruso.[1]  Defendants certainly had notice of the allegations contained in Plaintiff's proposed amended complaint and the Court discerns no prejudice to Defendants by the granting of Plaintiff's motion.  The remaining factors further weigh in favor of granting Plaintiff's motion.

---

[1] To the extent, however, that Plaintiff's complaint is interpreted as articulating a claim against Defendant Caruso, the Court recommends that such claim be dismissed for the same reason Plaintiff's original claims against Defendant Caruso were dismissed - Plaintiff's failure to allege any active wrongdoing on Defendant Caruso's part.

<u>**CONCLUSION**</u>

For the reasons articulated herein, the Court recommends that <u>Plaintiff's Motion for Leave to File Amended Complaint</u>, (dkt. #32), be **granted** and <u>Defendants Warren and Meyer's Motion for Dismissal</u>, (dkt. #47), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  June 23, 2005                                    /s/ Ellen S. Carmody            
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge