UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW SAYLOR,

        Plaintiff,

Case No. 1:04-CV-498

v.

Hon. Richard Alan Enslen

PATRICIA CARUSO, *et al.*,

**ORDER**

        Defendants.

_____/

This matter is before the Court on Defendants William A. Warren and Paula Meyer's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 23, 2005. The Court now reviews the Report, Objections and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636.

Upon review of the Report and Recommendation, the Court finds that it should be adopted and the Objections denied. Defendants' Objections concern two legal matters.[1] The first is the failure of the Magistrate Judge to follow the "total exhaustion rule" described in *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), *i.e.,* the Magistrate Judge earlier determined that claims against Defendant Patricia Caruso were not exhausted and dismissed only those claims. This failure was not error. The rule stated in *Jones Bey* was invalid under Sixth Circuit Court of Appeals' law because it conflicted with the Circuit's prior published decision in *Hartsfield v. Vidor*, 199 F.3d 305

---

[1] Defendants have also objected to the portion of the Report which permitted amendment of the Complaint under Federal Rule of Civil Procedure 15(a). This argument as written is dependent on the first two arguments. In any event, the Court also finds that the Magistrate Judge's decision permitting amendment was wholly proper under *Foman v. Davis*, 371 U.S. 178, 182-83 (1962) and the later case law discussing amendments.

(6th Cir. 1999). *See Garner v. Unknown Napel*, – F. Supp. 2d –, 2005 WL 1610680 (W.D. Mich. 2005). As such, this argument is unpersuasive.

Defendants' second argument is that Plaintiff had not sufficiently alleged exhaustion of administrative remedies against Defendants because he failed to attach the grievances to his complaint and only generally alleged exhaustion of administrative remedies–*i.e.*, the filing of step I, II and III grievances, which were denied. The grievances were later filed and confirmed the exhaustion of administrative remedies as to Defendants Warren and Meyer. The Magistrate Judge read Sixth Circuit law, including the decisions in *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) and *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), as permitting these kinds of minimally sufficient allegations of exhaustion of administrative remedies. Although Defendants' reading of the cases does not permit these kinds of allegations (*i.e.,* it appears that Defendants want a Plaintiff to particularly allege the grievance numbers as well as the dates of all filings and denials and the content of all filings and denials, though this requirement is not mandated by the statute), this interpretation has not been expressly adopted by the Sixth Circuit. This interpretation is also contrary to public policy–*i.e.,* in cases in which exhaustion has occurred the rule proposed would result in a needless closing of cases only to be reopened shortly thereafter (since such dismissals are made without prejudice). The rule proposed is also contrary to the longstanding federal policies of an open court system which resolves disputes on the merits. Although the Court acknowledges that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, has imposed certain and specific requirements on prisoners which are inconsistent with traditional norms of the federal courts, there is no reason to interpret those requirements rigidly with no imagination as to the job that federal courts are to perform.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Objections (Dkt. No. 56) are **DENIED**, the Report and Recommendation (Dkt. No. 53) is **ADOPTED**, Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 32) is **GRANTED**, and Defendants' Motion for Dismissal (Dkt. NO. 47) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 11, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |