UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW SAYLOR,

    Plaintiff,

Case No. 1:04-CV-498

v.

Hon. Richard Alan Enslen

PATRICIA CARUSO, *et al.*,

**ORDER**

    Defendants.

_____/

    This matter is before the Court on the Motion for Reconsideration of Defendants Paula Meyers, R.N. and William A. Warren, M.D. Defendants request that the Court reconsider its denial of Defendants' Motion to Dismiss as to these Defendants or, in the alternative, certify to the Sixth Circuit Court of Appeals an interlocutory appeal on the issue of whether the District Court hearing a section 1983 prisoner suit filed by a *pro se* litigant must dismiss exhausted claims when accompanied by unexhausted claims.

    Defendants' Motion for Reconsideration pursuant to Local Civil Rule 7.4(a), asks whether Defendants have demonstrated a "palpable defect" by which the parties and the Court have been misled. The answer to this question is no. The issue has been exhaustively briefed and answered before. The answer has not changed. The Sixth Circuit Court of Appeal's first and binding precedent on the issue is *Hartsfield v. Vidor*, 199 F.3d 305, 309 (1999). That decision is no less binding even if a single panel later misconstrues its authority. Defendants' counsel does raise one new possibility–the certification of the issue under 28 U.S.C. § 1292(b). This Court's own experience with interlocutory appeals, however, is that the Sixth Circuit wishes to entertain them in

rare circumstances and, in cases such as the present one, would prefer to await final judgment before entertaining appeal (which might in any event render this legal issue moot or enlighten a ruling upon it by intervening precedent). In other words, the Court does not believe that an immediate appeal is likely to "materially advance the ultimate termination of the litigation" and will not so certify.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Paula Meyers and William A. Warren's Motion for Reconsideration (Dkt. No. 61) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    October 12, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] Defense counsel should also be advised of a technical defect in the motion paperwork. Local Civil Rule 7.1(a) requires the filing of a separate motion and supporting brief, which was not done as to this motion.