UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SAYLOR,

        Plaintiff,                                    Hon. Richard Alan Enslen

v.                                                Case No. 1:04 CV 498

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery.  (Dkt. #88).

As discussed below, Plaintiff's motion is **denied**.

Plaintiff asserts that Defendants Caruso, Warren, and Meyer improperly denied him

medical treatment in violation of his constitutional rights.  (Dkt. #1).  Plaintiff has submitted to

Defendants Warren and Meyer several discovery requests.  Dissatisfied with Defendants' responses,

Plaintiff now moves the Court to compel responses to his discovery requests.

I.        Plaintiff's First Request for Production of Documents #1-6 & 8-10 and Plaintiff's First
        Set of Interrogatories #1-5, 7-9, & 11-13

Plaintiff has requested through discovery an enormous number of documents.  In response

to the requests identified immediately above, Defendants Warren and Meyer have stated that "[t]he

documents have been subpoenaed/requested and will be forwarded upon receipt."  Plaintiff is not

satisfied with this response.  As Plaintiff acknowledges, Defendants have provided many of the

documents implicated by these requests.  Moreover, Defendants have supplemented their responses as

additional material has become available.  There is no evidence that Defendants have acted unreasonably (or contrary to the Federal Rules of Civil Procedure) in response to the overwhelming number of discovery requests submitted by Plaintiff.  Accordingly, Plaintiff's motion to compel is denied as to these particular requests.  Defendants are instructed to continue to comply with all relevant discovery rules and supplement their responses as necessary.

II.          Plaintiff's First Request for Production of Documents #7

In this particular request, Plaintiff seeks "[a]ny and all medical licenses, training, or other medical qualifications obtained by Defendants Dr. William A. Warren and RN Paula Meyer within the State of Michigan or outside of the State of Michigan, through and including the date of your response to this request."   Defendants initially objected to this request as "irrelevant, immaterial, and not otherwise calculated to lead to the discovery of admissible evidence."  However, in response to the present motion, Defendants indicated that they would provide the information sought by this request.  Accordingly, Plaintiff's motion to compel is denied as moot as to this particular request.

III.         Plaintiff's First Set of Interrogatories #10

In this request, Plaintiff seeks "any and all documents relating to or identif[y]ing Defendant William A. Warren's occupation, duties or medical responsibilities, or employment outside the scope of the M.D.O.C./Pugsley Correctional Facility."  Defendant Warren objected to this request as "irrelevant, immaterial, and not otherwise calculated to lead to the discovery of admissible evidence." In light of Plaintiff's claim against Defendant Warren the Court discerns no legitimate basis for this request.  Accordingly, Plaintiff's motion to compel is denied as to this particular request.

IV.        Plaintiff's First Set of Interrogatories #14

In this request, Plaintiff requests that Defendants "[i]dentify any documents related to any complaint, grievance, criticism, censure, reprimand or rebuke directed toward M.D.O.C. Director Patricia Caruso, Dr. William A. Warren, or RN Paula Meyer prior to or subsequent to the incident giving rise to this proceeding."  Defendants Warren and Meyer objected to this request as "irrelevant, immaterial, and not otherwise calculated to lead to the discovery of admissible evidence."  This particular request is overbroad.  Moreover, the Court fails to discern the relevancy of the requested information.  Accordingly, Plaintiff's motion to compel is denied as to this particular request.

In conclusion, for the reasons articulated herein, Plaintiff's motion to compel is **denied**.

IT IS SO ORDERED.


Date:  April 25, 2006                          /s/ Ellen S. Carmody
                                               ELLEN S. CARMODY
                                               United States Magistrate Judge